*I*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 3 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ESTATE OF HAROLD LEE KIZZIA, DECEASED AND LETA FAY KIZZIA, DECEASED §§§§ | |
| Plaintiffs, §§ | |
| VS. §§ | CIVIL ACTION NO. B -03-169 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, CIGNA GROUP INSURANCE, AND NORTH AMERICAN LIFE AND CAUSALTY INSURANCE COMPANY, §§§§§§ | |
| Defendants. § | |

## NOTICE OF REMOVAL

Defendant National Rifle Association of America (indemnified by Life Insurance Company of North America)(NRA) and Life Insurance Company of North America (LINA)(incorrectly named as "CIGNA Group Insurance," a nonentity) file this Notice of Removal under FED. R. CIV. P. 81(c).

1.    Plaintiffs, the Estates of Harold Lee Kizzia , Deceased and Leta Fay Kizzia, Deceased sued NRA and "CIGNA Group Insurance" in the County Civil Court at Law No. 2, Cameron County, Texas under Cause No. 2001-CPC-155B on July 22, 2003..

2.    NRA and "CIGNA Group Insurance" were purportedly served by certified mail, return receipt requested to a Phoenix, Arizona post office box.   NRA is not located in Phoenix, Arizona, nor does it have an agent for service in Arizona.   In addition, there is no such entity as "CIGNA Group Insurance " and further, no agent for service or office location in Phoenix, Arizona. LINA is the underwriter of the medical insurance at issue; however, its agent for service is located in Dallas, Texas. North American Life and Casualty Insurance Company was served by certified mail at the same post office box in Phoenix, Arizona as NRA and LINA, but has no agent for service located

in that state, and no longer exists having been merged out of existence in 1989. No answers have been filed by any of the defendants.

3.    LINA learned of this lawsuit by facsimile message on September 11, 2003, from NRA's administrative agent. Accordingly, this removal is timely. 28 U.S.C.§1446(b).

4.    Removal is proper under diversity jurisdiction. 28 U.S.C. §1332. NRA is a citizen of New York. LINA is a citizen of Pennsylvania. North America Life and Casualty Insurance Company no longer exists and is not a proper party. The amount in controversy exceeds $75,000.00.

5.    As required by 28 U.S.C. § 1446(a), NRA and LINA attach an index and true and correct copies of all executed processes, pleadings that assert causes of action, all signed orders and list of attorneys to this notice as exhibits, all of which are incorporated by reference.

6.    Under 28 U.S.C. §1441(a), venue is proper in this district because this district and division embrace the place in which the removed action has been pending.

7.    As provided by 28 U.S.C. §1446(d), promptly after the filing of this notice, written notice of the filing of this notice will be given to all parties, and a true and correct copy of this notice will be filed with the Clerk of the County Civil Court at Law No. 2 of Cameron County, Texas.

8.    NRA and LINA respectfully request that this action be removed from the County Civil Court at Law No. 2 of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division, and that this Court enter such other orders as may be necessary and proper.

Respectfully submitted,

Candice E. Sayre
Federal I.D. No. 2150
State Bar No. 17697800
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
713-646-5504 (Telephone)
713-752-0337 (Facsimile)

ATTORNEY IN CHARGE FOR DEFENDANTS
NATIONAL RIFLE ASSOCIATION AND LIFE
INSURANCE COMPANY OF NORTH AMERICA

OF COUNSEL:
Elizabeth D. Alvarado
Federal Id. Mo 10317
State Bar No. 01125980.
Alicia M. Matsushima
Federal I.D. No. 28590
State Bar No. 24002546
SHANNON, MARTIN, FINKELSTEIN & SAYRE
A Professional Corporation
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
713-646-5500 (Telephone)
713-752-0337 (Facsimile)

## CERTIFICATE OF SERVICE

I certify that on September 22, 2003, a true and correct copy of the foregoing instrument was served by certified mail, return receipt requested in accordance with Rule 5 of the Federal rules of Civil Procedure on all counsel or parties of record.

Candice E. Sayre

REMOVAL-NOTICE

## LIST OF ALL COUNSEL OF RECORD

a.      Candice E. Sayre
Federal Id. No. 2150
State Bar No. 17697800
Elizabeth D. Alvarado
Federal Id. No. 10317
State bar No. 01125980
Alicia M. Matsushima
Federal Id. No. 28950
State Bar No. 24002546
Shannon, Martin, Finkelstein & Sayre
A Professional Corporation
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
713- 646-5504 (Telephone)
713-752-0337 (Facsimile)

Attorney in Charge for National Rifle Association of America and Life Insurance Company of North America (incorrectly named as "CIGNA Group Insurance," a nonentity)

b.      D. Bradley Kizzia
State Bar No. 11547550
Strasburger & Price
901 Main St., Suite 4300
Dallas, Texas 75202
214-861-4300 (Telephone)
214-851-4330 (Facsimile)

Attorneys for Plaintiffs

## INDEX OF STATE COURT FILINGS

1.                        Original Answer by National Rifle Ass'n of America and Life Insurance Company of North America

2.                        "CIGNA Group Insurance" "green card"

3.                        National Rifle Ass'n of America "green card"

4.                        Life Insurance Company of North America "green card"

5.                        Citation-issued July 23, 2003 to North American Life and Casualty Insurance Company

6.                        Citation-issued July 23, 2003 to "Cigna Group Insurance"

7.                        Original Petition and filing letter-July 18, 2003

8.                        Order November 1, 2001 approving Inventory, Appraisement, and List of Claims

9.                        Inventory, Appraisement and List of Claims with Affidavit dated October 5, 2001

10.                       Affidavit of by Publication, September 17, 2001 and filing letter

11.                       Notice to Creditors and filing letter, August 13, 2001

12.                       Last Will and Testament of Harold Lee Kizzia

13.                       Order Scheduling Hearing for appointment of executor, August 6, 2001 and filing letter

14.                       Proof of Death and Other Facts, August 8, 2001

15.                       Death certificate-Harold Lee Kizzia

16.                       Order Admitting Will to Probate and Letters Testamentary, Aug. 8, 2001.

17.                       Citation for Probate of Will – May 17, 2001

18.                       Application for Probate of Will, May 14, 2001 and filing letter

19.                        Probate Court Docket

**NO. 2001-CPC-155B**

| | | |
|---|---|---|
| ESTATE OF HAROLD LEE KIZZIA, | § | IN THE COUNTY COURT |
| DECEASED AND ESTATE OF LETA | § | |
| FAYE KIZZIA, DECEASED | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF | § | |
| AMERICA, CIGNA GROUP INSURANCE | § | |
| AND NORTH AMERICAN LIFE AND | § | |
| CASUALTY INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

**FILED FOR RECORD**
AT _____ O'CLOCK ___ M

SEP 1 6 2003
AT LAW NO. 2 OF

JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

## ORIGINAL ANSWER BY DEFENDANTS
## NATIONAL RIFLE ASSOCIATION OF AMERICA
## AND CIGNA GROUP INSURANCE

National Rifle Association of America and Life Insurance Company of North America (incorrectly named as "CIGNA Group Insurance," a nonentity)(collectively "Defendants") file their Original Answer to Plaintiffs' Original Petition and state the following:

I.

Waiving nothing and subject to stipulations and admissions as may be hereafter and at time of trial made, Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure. Defendants respectfully request that Plaintiffs be required to prove their allegations against Defendants by a preponderance of the evidence as is required by the Constitution and Laws of the State of Texas.

WHEREFORE, Defendants National Rifle Association of America and Life Insurance Company of North America pray that upon final hearing judgment be entered, that Plaintiffs take nothing, and that Defendants be discharged with theirs costs.

Respectfully submitted:


**SHANNON, MARTIN, FINKELSTEIN & SAYRE**
A Professional Corporation

BY: _____
          Candice E. Sayre
          State Bar No. 17697800
          909 Fannin, Suite 2400
          Houston, Texas  770102
          (713) 646-5504 (Telephone)
          (713) 752-0337  (Facsimile)

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that on the _15th_ day of _September_, 2003, a true and correct copy of the foregoing instrument was served by certified mail, return receipt requested upon all counsel of record in accordance with Rule 21a of the Texas Rules of Civil Procedure.

_____
Candice E. Sayre


\1120\0116\Answer





UNITED STATES POSTAL SERVICE

1st-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box •

JOE G. RIVERA
COUNTY CLERK, CAMERON COUNTY
P. O. BOX 2178
BROWNSVILLE, TEXAS 78522-2178

FILED FOR RECORD
AT ___ O'CLOCK ___ M
AUG 0 4 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
BY _____ Deputy





UNITED STATES POSTAL SERVICE

FILED FOR RECORD
AT ____ O'CLOCK
AUG 04 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
BY____ Deputy

Sender: Please print your name, address, and ZIP+4 in this box •

JOE G. RIVERA
COUNTY CLERK, CAMERON COUNTY
P. O. Box 2178
BROWNSVILLE, TEXAS 78522-2178

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED FOR RECORD
AT ____ O'CLOCK
AUG 4 2003
JOE G. RIVERA
CAMERON COUNTY, TEXAS



Citation for Personal Service    **- BY CERTIFIED MAIL**    Lit. Seq. # 5.007.01
No. 2001-CPC-00155-B

## THE  STATE  OF  TEXAS

NOTICE TO DEFENDANT:    "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    North American Life and Casualty Company
400 Locust Street
Des Moines, Iowa 50398
the    Defendant, Greeting:
You are commanded to appear by filing a written answer to the Plaintiff's
ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law NO. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in court, by D. Bradley Kizzia (Attorney for Plaintiff or Plaintiffs), whose address is P.O. Box 50100 Dallas, Texas 75250 on the 22nd day of July, A.D. 2003, in this case numbered 2001-CPC-00155-B on the docket of said court, and styled,

Estate of Harold Lee Kizzia, Deceased and Estate of Leta Faye Kizzia
vs.
National Rifle Association of America, Cigna Group Insurance, and North American Life & Casualty Insurance Company

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of July, A.D. 2003.

Joe G. Rivera    , County Clerk, Cameron County, Texas
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _____ , Deputy
GABRIELA GARZA

### CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 23rd of July, 2003, I mailed to NORTH AMERICAN LIFE & CASUALTY COMPANY by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

Certified Mail No. 027369458
Return Receipt Requested
Deliver to Addressee Only

Joe G. Rivera    , County Clerk, Cameron County Texas

By: _____ Deputy
GABRIELA GARZA

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

N. American Life & Casualty Co.

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
N. American Life & Casualty Co.
Street, Apt. No.; or PO Box No.
400 Locust St.
City, State, ZIP+4
Des Moines, Iowa 50398

PS Form 3800, June 2002    See Reverse for Instructions

7002 2030 0000 2736 9458

Citation for Personal Service    **- BY CERTIFIED MAIL**    Lit. Seq. # 5.007.01
No. 2001-CPC-00155-B

## THE  STATE  OF  TEXAS

NOTICE TO DEFENDANT:    "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    North American Life and Casualty Company
       400 Locust Street
       Des Moines, Iowa 50398
the    Defendant, Greeting:
You are commanded to appear by filing a written answer to the Plaintiff's
       ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law NO. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in court, by D. Bradley Kizzia (Attorney for Plaintiff or Plaintiffs), whose address is P.O. Box 50100 Dallas, Texas 75250 on the 22nd day of July, A.D. 2003, in this case numbered 2001-CPC-00155-B on the docket of said court, and styled,

Estate of Harold Lee Kizzia, Deceased and Estate of Leta Faye Kizzia
vs.
National Rifle Association of America, Cigna Group Insurance, and North American Life &
Casualty Insurance Company

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of July, A.D. 2003.

Joe G. Rivera    , County Clerk, Cameron County, Texas
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By _____ , Deputy
       GABRIELA GARZA

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 23rd of July, 2003, I mailed to NORTH AMERICAN LIFE & CASUALTY COMPANY by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

Certified Mail No. 027369458
Return Receipt Requested
Delivery Addressee Only

**U.S. Postal Service**
**CERTIFIED MAIL.. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com₀

N. A-B-E-L-C-H-A-L-C-O-S-I-E-Co

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |

Citation for Personal Service    - BY CERTIFIED MAIL      Lit. Seq. # 5.006.01
                   No. 2001-CPC-00155-B

## THE STATE OF TEXAS

NOTICE TO DEFENDANT:    "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    CIGNA Group Insurance
        P.O. Box 47178
        Phoenix, Arizona 85068
the    Defendant, Greeting:
You are commanded to appear by filing a written answer to the Plaintiff's
                  ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law NO. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in court, by
D. Bradley Kizzia (Attorney for Plaintiff or Plaintiffs), whose address is P.O. Box 50100 Dallas, Texas 75250 on the 22nd day of July, A.D. 2003, in this case numbered 2001-CPC-00155-B on the docket of said court, and styled,

Estate of Harold Lee Kizzia, Deceased and Estate of Leta Faye Kizzia
                          vs.
National Rifle Association of America, Cigna Group Insurance, and North American Life & Casualty Insurance Company

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of July, A.D. 2003.

                 Joe G. Rivera    , County Clerk, Cameron County, Texas
                 974 E. Harrison St.
                 (P.O. Box 2178)
                 Brownsville, Texas 78522-2178

                 By _____ , Deputy
                     GABRIELA GARZA

                 CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 23rd of July, 2003, I mailed to CIGNA GROUP INSURANCE by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

Certified Mail No. 027369441
Return Receipt Requested
Deliver to Addressee Only

                 Joe G. Rivera    , County Clerk, Cameron County Texas

                 by _____ Deputy
                     GABRIELA GARZA

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Postmark Here

7002 0030 0000 2736 9441

Sent To Cigna Group Ins.
Street, Apt. No. or PO Box No. P.O. Box 47178
City, State, ZIP+4 Phoenix, Arizona 85068

PS Form 3800, June 2002    See Reverse for Instructions

Citation for Personal Service

Lit. Seq # 5,005.01

- BY CERTIFIED MAIL

No. 2001-CPC-0015S-B

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:     National Rifle Association of America
        P.O. Box 47178
        Phoenix, Arizona 85068

the     Defendant, Greeting:

You are commanded to appear by filing a written answer to the Plaintiff's

ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law NO. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in court, by

D. Bradley Kizzia (Attorney for Plaintiff or Plaintiff), whose address is P.O. Box 501100 Dallas, Texas 75250 on the 22nd day of July, A.D. 2003, in this case numbered 2001-CPC-0015S-B on the docket of said court, and styled,

Estate of Harold Lee Kizzia, Deceased and Estate of Leta Faye Kizzia

vs.

National Rifle Association of America, Cigna Group Insurance, and North American Life & Casualty Insurance Company

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part thereof.

The Officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of July, A.D. 2003.

Joe G. Rivera , County Clerk, Cameron County, Texas
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178



**Strasburger**
ATTORNEYS AT LAW

July 18, 2003

D. BRADLEY KIZZIA
214.651.4592/
bradley.kizzia@strasburger.com

RECEIVED
JOE G. RIVERA
JUL 2 2 2003
CAMERON COUNTY
Time _____
By _____ Deputy

Ms. Nelda de la Paz, Court Coordinator
County Court at Law No. 2
974 East Harrison Street
Brownsville, TX 78520

RE:    No. 2001-CPC-155B; Estate of Harold Lee Kizzia, Deceased and
       Estate of Leta Faye Kizzia, Deceased v. National Rifle Association
       of America, CIGNA Group Insurance and North American Life and
       Casualty Insurance Company;
       In the County Court at Law No. 2, Cameron County, Texas

Dear Ms. de la Paz:

Enclosed for filing in the referenced case are the original and one copy of Plaintiffs'
Original Petition. Also enclosed is a check in the amount of $293.00 ($175 for the filing
fee and issuance and service for one defendant and $118 for issuance and service for
the other two defendants) in payment of your filing fee and the cost of issuance and
service of three citations by certified mail. Please have these three citations issued and
served by certified mail upon the three defendants identified and at addresses reflected
in Paragraph III, page 2, of Plaintiff's Original Petition, enclosed herewith.

Please acknowledge your receipt and filing of the Original Petition by placing your
file-mark on the enclosed extra copy and returning it to the undersigned in the envelope
provided.

Thank you for your assistance with this matter.

Yours truly,

D. Bradley Kizzia

DBK:wtb
Enclosures

725973.1/SP0/49540/0100/071803

**Strasburger & Price, LLP**

901 Main Street, Suite 4300 • Dallas, Texas 75202.3794 • 214.651.4300 tel • 214.651.4330 fax • www.strasburger.com
Austin • Dallas • Houston • San Antonio • _____

NO.  2001-CPC-155B

| | | |
|---|---|---|
| ESTATE OF HAROLD LEE KIZZIA, | § | IN THE COUNTY COURT |
| DECEASED and | § | |
| ESTATE OF LETA FAYE KIZZIA, | § | |
| DECEASED | § | |
| | § | |
| V. | § | |
| | § | AT LAW NO. |
| NATIONAL RIFLE ASSOCIATION | § | |
| OF AMERICA, CIGNA GROUP | § | |
| INSURANCE, AND NORTH | § | |
| AMERICAN LIFE AND CASUALTY | § | |
| INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

**FILED FOR RECORD**
AT ___ O'CLOCK ___ M

JUL 2 2 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

## PLAINTIFFS' ORIGINAL PETITION

NOW COMES the Estate of Harold Lee Kizzia, Deceased and the Estate of Leta Faye Kizzia, Deceased, by and through the Independent Executor for both estates, and complaining of Defendant National Rifle Association of America, CIGNA Group Insurance, and North American Life and Casualty Insurance Company, and for same would show unto the Court as follows:

I.

### DISCOVERY LEVEL

Discovery should be conducted under Level 2 as described in T.R.C.P. 190.3.

II.

### VENUE

Plaintiff Estates were administered in Cameron County, Texas. Also, Harold Lee Kizzia and Leta Faye Kizzia were residents of Cameron County, Texas at the time that they were sold the insurance in question; the medical expenses in question were

that were not paid, plus attorneys' fees according to Chapter 38 of the Texas Civil

Practice and Remedies Code.

## V.

Plaintiffs are also entitled to an eighteen percent penalty per annum, plus

attorneys' fees under Article 21.55 of the Texas Insurance Code.

## VI.

Plaintiffs further submit that Defendants' conduct breached their common law

duties of good faith and fair dealing and violated Article 21.21 § 16 of the Texas

Insurance Code.  Such violations were knowing, for which Plaintiffs seek up to treble

damages.  Plaintiffs further seek attorneys' fees pursuant to Article 21.21 § 16 of the

Texas Insurance Code.

## VII.

Plaintiffs further seek any prejudgment interest to which they are entitled under

law.

## VIII.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose, within 30 days of

service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation issue and

be served upon Defendants and that Plaintiffs have judgment over and against

Defendants jointly and severally for their damages, attorneys' fees, prejudgment

interest, and such other and further relief to which they may be entitled.

Respectfully submitted,

D. BRADLEY KIZZIA
State Bar No. 11547550
STRASBURGER & PRICE, L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 FAX

EXECUTOR AND
ATTORNEY FOR PLAINTIFFS



**Strasburger**
ATTORNEYS AT LAW

D. BRADLEY KIZZIA
214.651.4592
bradley.kizzia@strasburger.com

October 23, 2001

**RECEIVED**

OCT 2 6 2001

JOE G. RIVERA
CAMERON COUNTY CLERK

By_____Deputy
Time_____Date_____

Mr. Joe G. Rivera
Cameron County Court Clerk
P.O. Box 2178
Brownsville, TX 78522

RE:    *Estate of Harold Lee Kizzia, Deceased*
       Cause No. 2001-CPC-155B
       In the County Court at Law No. Two, Cameron County, Texas

Dear Mr. Rivera:

I have enclosed the original and two copies of an Order approving the Inventory, Appraisement, and List of Claims that was previously filed in the above-referenced case. Please present the original Order to the Court for consideration, and assuming that the judge signs it, please return conformed copies to me in the enclosed prepaid envelope. If there will be any problem with accomplishing this or if you have any questions, please let me know. Otherwise, thank you for your attention to this.

Yours truly,

D. Bradley Kizzia

DBK:pah
Enclosure

Strasburger & Price, LLP

901 Main Street, Suite 4300 • Dallas, Texas 75202.3794 • 214.651.4300 tel • 214.651.4330 fax • www.strasburger.com
Austin • Dallas • Houston • San Antonio

**NO. 2001-CPC-155B**

| ESTATE OF | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| HAROLD LEE KIZZIA | § | AT LAW NO. TWO IN AND FOR |
| | § | |
| DECEASED | § | CAMERON COUNTY, TEXAS |

<u>ORDER</u>

The foregoing Inventory, Appraisement, and List of Claims of the above Estate having been filed on the 5th day of October, 2001, and presented and the Court having considered and examined the same and being satisfied that it should be approved and there having been no objections made thereto, it is in all respects APPROVED and ORDERED entered of record.

SIGNED THIS ___ day of ___ NOV. ___, 2001.

JUDGE PRESIDING

11-7-01
COPIES TO:
BRADLEY KIZZIA
JGR/ad

639551.1/SPO/49541/0101/10222001

NO. 2001-CPC-155B

**FILED FOR RECORD**
AT_____ O'CLOCK_____M
OCT 05 2001
JOE G. RIVERA
COUNTY CLERK
BY_____ Deputy

| | | |
|---|---|---|
| **ESTATE OF** | § | IN THE COUNTY COURT |
| | § | |
| **HAROLD LEE KIZZIA** | § | AT LAW NO. TWO (2) |
| | § | |
| **DECEASED** | § | CAMERON COUNTY, TEXAS |

### INVENTORY, APPRAISEMENT AND LIST OF CLAIMS

Date of Death:  March 27, 2001

D. BRADLEY KIZZIA, Independent Executor of the Estate of HAROLD LEE KIZZIA,

Deceased, submits for the Court's Approval the following true and complete inventory of all

property of the estate that came to his possession or knowledge, valued as of August 9, 2001,

together with a list of claims due and owing to the estate:

### SEPARATE PROPERTY

None.

### COMMUNITY PROPERTY

| I. REAL PROPERTY: | | |
|---|---|---|
| 1. House and Lot located at 35487 Marshall Hutts Road, Arroyo City, Cameron County, Texas (value based upon one-half community interest in the appraisal value) | $60,000.00 | |
| **TOTAL REAL PROPERTY:** | | $60,000.00 |
| | | |
| **II. PERSONAL PROPERTY:** | | |
| 1. Miscellaneous Household furnishings and personal effects | $ 5,000.00 | |
| 2. 1995 Chevrolet pickup truck, VIN 2GCEK19K151128958 | $ 7,500.00 | |

| | | |
|---|---|---|
| 3.Cash | $11,500.00 | |
| **TOTAL PERSONAL PROPERTY:** | | $24,000.00 |
| **TOTAL COMMUNITY PROPERTY:** | | $82,000.00 |
| | | |
| **III.  List of Claims Due and Owing to the Estate** | | |
| 1.      Potential claim against NRA Insurance | $25,000.00 | |
| **TOTAL LIST OF CLAIMS** | | $25,000.00 |
| | | |
| **TOTAL DECEDENT'S ESTATE** | | $109,000.00 |

## IV.  SUMMARY

TOTAL DECEDENT'S SEPARATE PROPERTY     $     0.00
TOTAL DECEDENT'S COMMUNITY PROPERTY    $ 84,000.00
TOTAL CLAIMS OWING TO ESTATE             $ 25,000.00

TOTAL OF DECEDENT'S ESTATE                $ 109,000.00

     The foregoing Inventory, Appraisement, and List of Claims should be approved and ordered entered of record.

           Respectfully submitted,

           D. BRADLEY KIZZIA

           By:_____
             D. Bradley Kizzia
             State Bar No. 11547550
             STRASBURGER & PRICE, L.L.P.
             901 Main Street
             P.O. Box 50100
             Dallas, Texas 75250
             (214) 651-4300
             (214) 651-4330 (Telecopy)

           ATTORNEYS FOR ESTATE

STATE OF TEXAS §
                           §         KNOW ALL MEN BY THESE PRESENTS THAT
COUNTY OF CAMERON §

     D. BRADLEY KIZZIA, Independent Executor of the Estate of HAROLD LEE KIZZIA, Deceased, having been duly sworn, hereby states on oath that the foregoing Inventory, Appraisement, and List of Claims is a true and complete statement of all the property and claims of the Estate that have come to his knowledge.



D. BRADLEY KIZZIA,
Independent Executor

     SUBSCRIBED AND SWORN TO BEFORE ME by D. BRADLEY KIZZIA, Independent Executor of the Estate of HAROLD LEE KIZZIA, Deceased, on the 3rd day of _Octobr_, 2001, to certify which witness my hand and seal of office.

ANN: R. JOHNSON
Notary Public
STATE OF TEXAS
My Comm. Expires 04-13-2004

Notary Public in and for the State of Texas



**Strasburger**
ATTORNEYS AT LAW



RECEIVED
SEP 1 7 2001

D. BRADLEY KIZZIA
214.651.4592
bradley.kizzia@strasburger.com
CAMERON COUNTY CLERK
By_____ Deputy

September 10, 2001

Ms. Aurora de la Garza
Cameron County District Clerk
Courthouse
974 East Harrison Street
Brownsville, Texas 78520

      RE:    *Estate of Harold Lee Kizzia, Deceased*
           Cause No. 2001-CPC-155B
           In the County Court at Law in and for Cameron County, Texas

Dear Ms. de la Garza:

Enclosed is the original and one copy of an Affidavit of Publication of the Notice to Creditors regarding the above-referenced matter to be filed with the court. Please return a file-stamped copy in the enclosed self-addressed prepaid envelope.

Thank you for your attention to this matter.

Yours truly,

D. Bradley Kizzia

DBK:pah
Enclosure

# AFFIDAVIT OF PUBLICATION

**FILED FOR RECORD**
AT ___ O'CLOCK ___ M

SEP 17 2001

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

STATE OF TEXAS )
COUNTY OF CAMERON )

Before me, the undersigned, a Notary Public in and for Cameron County, Texas, personally appeared

_____ Amparo Cruz _____

known to me to be Representative of The San Benito News, who solemnly swears that the attached is a true copy of the publication appearing in said newspaper, a semi-weekly, published in the City of San Benito, Cameron County, Texas, continuously for more than one year, and that said publiciation appeared on the following dates:



_____August 12,_____ 20 _01_
_____ 20 ___
_____ 20 ___
_____ 20 ___

The San Benito News

By: _____
Newspaper Representative

Signed _____
Notary Public in and for
Cameron County, Texas

Dated at San Benito Texas, __August 13,__ 20 _01_

My Commission Expires: __August 26, 2003__

(Seal)



MARIA LUISA JUAREZ
Notary Public, State of Texas
My Commission Expires
August 26, 2003

Costs of this publication excluding Notary fee totals the sum of $ __28.35_____, which is now payable to

**THE SAN BENITO NEWS**
San Benito, Texas, 78586



RECEIVED

D. BRADLE**AUG**ZIA  **2001**
214.651.4591
bradley.kizzia@strasburger.com
JOE G. RIVERA
CAMERON COUNTY CLERK

By _____ Deputy
Time _____ Date _____

August 9, 2001

Ms. Mariana Whitley
Cameron County Court Clerk
Courthouse
County Court at Law No. 2
974 E. Harrison Street
Brownsville, TX 78520

RE:   *Estate of Harold Lee Kizzia, Deceased*
      Cause No. 2001-CPC-155B

      *Estate of Leta Faye Kizzia, Deceased*
      Cause No. 2001-CPC-152B

Dear Mariana:

Enclosed is a Notice to Creditors regarding each of the above-referenced cases, which are to be filed with the court and a file-stamped copy to be returned in the enclosed postage paid envelope.

Thank you for your assistance in filing these two documents.

Yours truly,

D. Bradley Kizzia

DBK:pah
Enclosures

662848.1/SP0/49540/0100/08092001

NO. 2001-CPC-155B

ESTATE OF                          §
                                   §
HAROLD LEE KIZZIA                  §
                                   §
DECEASED                           §

> IN THE COUNTY COURT
> FILED FOR RECORD
> AT LAW IN AND FOR    M
> CAMERON COUNTY, TEXAS
> JOE G. RIVERA
> CAMERON COUNTY CLERK
> By _____ Deputy

### NOTICE TO CREDITORS

Notice is hereby given that original Letters Testamentary for the ESTATE OF HAROLD LEE KIZZIA, Deceased, were issued on _August 8 2001_, in Docket No. 2001-CPC-155B pending in the County Court at Law of Cameron County, Texas, to: D. BRADLEY KIZZIA.

Claims may be presented to the attorney for the ESTATE OF HAROLD LEE KIZZIA, addressed as follows:

> D. Bradley Kizzia
> Attorney for the Estate of Harold Lee Kizzia
> Strasburger & Price, L.L.P.
> P.O. Box 50100
> Dallas, Texas 75250

All persons having claims against this Estate which is currently being administered are required to present them within the time and in the manner prescribed by law.

DATED this _9th_ day of _August_, 2001.

_D. Bradley Kizzia_
D. BRADLEY KIZZIA

By: _D. Bradley Kizzia_
D. BRADLEY KIZZIA
Attorney for Estate

LAST WILL AND TESTAMENT

OF

HAROLD LEE KIZZIA

EXHIBIT

3

LAST WILL AND TESTAMENT

OF

HAROLD LEE KIZZIA



FILED FOR RECORD
AT _____ O'CLOCK _____ M
AUG 08 2000
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

I, HAROLD LEE KIZZIA, residing and being domiciled in Hidalgo County, Texas, and being of sound and disposing mind and memory, do make and publish this my Last Will and Testament, hereby revoking all wills and codicils by me at any time heretofore made.

## I.

### IDENTITY OF TESTATOR'S FAMILY

I declare that I am married to LETA FAYE KIZZIA and that all references in this Will to "my wife" are references to her. I have four children, now living, whose names and birth dates are:

| NAME | BIRTH DATES |
|------|-------------|
| Randy Lee Kizzia | 11/27/52 |
| Don Bradley Kizzia | 9/23/54 |
| Russell Scott Kizzia | 10/22/56 |
| Dana Kaye Kizzia | 3/31/60 |

I have no deceased children. My wife has one child, now living, whose name and birth date is:

| NAME | BIRTH DATE |
|------|------------|
| Dalphia Raye Pierce | 11/24/48 |

All references in this Will to "my children" include all five of the above children, as well as any child hereafter born to or adopted by me.

## II.

### INDEPENDENT EXECUTOR

I nominate and appoint my wife, LETA FAYE KIZZIA, as Independent Executrix of this my Will and of my estate. In the event of the death, inability or refusal of my wife to so act, I nominate and appoint my son, DON BRADLEY KIZZIA, as Independent Executor of this my Will and of my estate.

Neither my original Executor nor any successor Executor shall be required to post bond or other security. I further direct that no other action shall be had in the County Court or Probate Court in relation to the settlement of my estate than the probating and recording of this my Last Will and Testament and the return of an inventory, appraisement and list of claims of my estate.

In addition to all rights, powers and authorities conferred upon executors by law, I direct that my executor shall have all of the rights, powers and authorities with reference to the control, management and disposition of my estate conferred upon trustees by the Texas Trust Act, and any amendment thereof.

III.

## APPORTIONMENT OF LEGAL OBLIGATIONS AND TAXES

My executor shall pay (or extend and renew as in the judgment of my executor seems in the best interest of my estate) my legally enforceable obligations, funeral expenses, and expenses of the administration of my estate, out of my residuary estate.

My executor shall pay all federal and state estate and inheritance taxes (except any generation-skipping tax imposed by the Internal Revenue Code), including interest and penalties, payable by reason of my death, out of my residuary estate, whether the asset being taxed passes under this Will or not, including any such taxes due as a result of life insurance proceeds payable by reason of my death, even though such taxes, or a part thereof, may be by law imposed upon a beneficiary, and my executor shall not require any contribution or reimbursement from any beneficiary on account of any such taxes paid on behalf of any such benefi-ciary.

IV.

## DISTRIBUTION OF ESTATE

I give all of my estate, being all real and personal property, wherever situated, in which I may have an interest at the time of my death, not otherwise effectively disposed of, to my wife, LETA FAYE KIZZIA.

If my wife does not survive me, I direct that my estate shall be disposed of according to the following three provisions:

### Specific Bequest of Business

1.    I give to RUSSELL SCOTT KIZZIA all of my interest in that certain brokerage business known as KIZZIA BROKERAGE, an unincorporated proprietorship, the principal office of which is located at 809 Pecan, McAllen, Texas. This gift includes all of the property, tangible or intangible, used in connection with said business, including the real property, goodwill, accounts receivable, stock-in-trade, machinery, contracts, personal property, and all other kinds of property used as part of that business and the enterprises connected with it and also includes all insurance on the business property, including loss of use, and the proceeds, if any, from such insurance if there is a claim against such insurance at the time of my death; but this gift does not include any of my property, whether real or personal or mixed, not used in connection with the business. If RUSSELL SCOTT KIZZIA does not survive me, this gift shall lapse. If the aforesaid business is not owned by me at the time of my death, then this gift shall lapse.

### Specific Bequest to Children's Issue

2.    It is my desire that a fund be established during my lifetime for the purpose of assisting in the payment of the reasonable costs that may be incurred by any of the issue of my children in pursuit of education beyond high school. However, in the event that said fund has not been created at the time of my death, or in the event that

-3-

at the time of my death said fund does not contain funds equivalent to $1000.00 for each of the then living issue of my children, I direct my Executor to make distributions in the amount of $1,000.00 from the remainder of my estate, save and except my interest in Kizzia Brokerage, for each of the then living issue of my children in order to meet the reasonable costs of their attending an educational institution beyond high school. In order to effectuate the purpose of assisting the then living issue of my children in the pursuit of their educations beyond high school, my Executor may make such distributions in any one or more of the following ways as he deems advisable:

    (a)   To such beneficiary directly;

    (b)   By my Executor's applying same directly for the benefit of such beneficiary;

    (c)   To the parent or guardian of such beneficiary;

    (d)   To a person designated as a custodian under the Texas Uniform Gifts to Minors Act; or

    (e)   To any suitable person, including my Executor, as trustee, to hold in trust for the benefit of any or all of such beneficiaries with the power to manage all funds placed in trust and to make such distributions as he deems advisable in order to assist the beneficiaries in the pursuit of education beyond high school.

    3.   I give, devise, and bequeath the remainder and residue of my estate to my children who survive me in equal shares; provided, however, that if my spouse and all of my children should predecease me but any of my children leave issue who are then living, I give the remainder and residue of my estate to such issue, such issue to take per capita.

-4-

V.

### WILL CONTEST PROVISION

If any person, whether or not related in any way
by blood to me shall either directly or indirectly attempt
to oppose or set aside the probate of this Will or to impair
or invalidate any of the provisions hereof and such person
shall establish a right to any part of my estate, I give and
bequeath to such person the sum of one dollar ($1) only and
no further interest whatever in my estate.

VI.

### PRESUMPTION OF SURVIVAL

For purposes of this Will, no person shall be
deemed to have survived me if such person dies within
thirty (30) days after the time of my death.

IN TESTIMONY WHEREOF, I have hereunto signed my
name and for verification I have also signed my name on each
page of this, my Will (except this page and the following
pages), in the presence of the undersigned witnesses, who
sign their names hereunto as witnesses at my request and in
my presence and in the presence of each other, this the
_15_ day of _January_, 19_81_.

_____
HAROLD LEE KIZZIA

On the _15th_ day of _January_, 19_81_, HAROLD LEE
KIZZIA declared to us, the undersigned witnesses, being each
more than fourteen (14) years of age, that the foregoing was
his Will, and he requested us to act as witnesses to the
same and to his signature thereon. He thereupon signed said
Will in our presence, and we, being present at the same
time, now, at his request and in his presence and in the
presence of each other, do hereunto subscribe our names as
witnesses. We, and each of us, declare that we believe
HAROLD LEE KIZZIA to be of sound mind and memory.

-5-

_Al Bakken_   ADDRESS: _1704 N. 7th_
WITNESS                       _McAllen, Texas_

_Celeste L. Rogers_   ADDRESS: _818 Pecan St._
WITNESS                          _McAllen, Texas_

THE STATE OF TEXAS )
COUNTY OF HIDALGO )

    BEFORE ME, the undersigned authority, on this day personally appeared HAROLD LEE KIZZIA, _____ and _____, known to me to be the Testator and the Witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities; and all of said persons being by me duly sworn, the said Testator declared to me and to the said Witnesses in my presence that said instrument is his Will, and that he had willingly made and executed it as his free act and deed for the purposes therein expressed; and the said Witnesses, each on his oath, stated to me in the presence and hearing of the said Testator that the said Testator had declared to them that said instrument is his Will and that he executed same as such and wanted each of them to sign it as a witness; and upon their oaths each Witness stated further that they did sign the same as witnesses in the presence of the said Testator and at his request, that he was at that time eighteen (18) years of age or over and was of sound mind, and that each of said Witnesses was then at least fourteen (14) years of age.

                                _[signature]_
                                TESTATOR

                                _Al Bakken_
                                WITNESS

                                _Celeste L. Rogers_
                                WITNESS

    SUBSCRIBED AND ACKNOWLEDGED before me by the said HAROLD LEE KIZZIA, Testator, and SUBSCRIBED AND SWORN TO before me by the said _Al Bakken_ and _Celeste L. Rogers_, Witnesses, on this _13th_ day of _January_, 19 _74_.

                                _[signature]_
                        Notary Public, In and For
                        Said County and State

My Commission Expires:

    _8-24-84_

-6-


### Strasburger
ATTORNEYS AT LAW

D. BRADLEY KIZZIA
214.651.4592
bradley.kizzia@strasburger.com

July 26, 2001

Ms. Mariana Whitley                    **VIA FACSIMILE AND REGULAR MAIL**
Cameron County Court Clerk
Courthouse
County Court at Law No. 2
974 E. Harrison Street
Brownsville, TX 78520

RE:    *Estate of Harold Lee Kizzia, Deceased*
       Cause No. 2001-CPC-155B

       *Estate of Leta Faye Kizzia, Deceased*
       Cause No. 2001-CPC-152B

Dear Mariana:

This will confirm our telephone conversation on Tuesday, July 24th regarding the above-referenced matters.  It is my understanding that hearings have been scheduled for both cases to take place on Wednesday, August 8, 2001, at 9:00 a.m., for the appointment of the executor under the wills that are the subject of these cases.  I have enclosed the original and one copy of Orders for both cases.  Please return conformed copies to me in the enclosed pre-paid envelope.

If you have any questions or there will be any problems with this, please let me know.  Otherwise, thank you for your attention to this.

Yours truly,

D. Bradley Kizzia

DBK:ty
Enclosures

661234.1/SP0/49541/0101/07262001

NO. 2001-CPC-155B

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| HAROLD LEE KIZZIA | § | AT LAW IN AND FOR |
| | § | |
| DECEASED | § | CAMERON COUNTY, TEXAS |

## ORDER SCHEDULING HEARING

A hearing has been scheduled for appointment of executor and issuance of letters testamentary in the above-referenced cause on Wednesday, August 8, 2001, at 9:00 a.m. in County Court at Law No. 2.

SIGNED THIS 10th day of August, 2001.

_____

JUDGE PRESIDING

NO. 2001-CPC-155B

FILED FOR RECORD
AT 8:42 O'CLOCK A M

AUG 08 2001

JOE G. RIVERA
CAMERON COUNTY CLERK
BY _____ Deputy

ESTATE OF                    §        IN THE COUNTY COURT

HAROLD LEE KIZZIA            §        AT LAW IN AND FOR
                            §
DECEASED                     §        CAMERON COUNTY, TEXAS

### PROOF OF DEATH AND OTHER FACTS

On this day, D. BRADLEY KIZZIA ("Affiant") personally appeared in Open Court, and after being duly sworn, stated the following:

1.    HAROLD LEE KIZZIA,  ("Decedent") died on March 27, 2001 in Cameron County, Texas, at the age of 68 years, and four years have not elapsed since the date of Decedent's death.

2.    Decedent was domiciled and had a fixed place of residence in this County at the date of death.

3.    The document dated January 15, 1981, now shown to me which purports to be Decedent's Will, was never revoked so far as I know.

4.    A necessity exists for the administration of this Estate.

5.    No child or children were born to or adopted by Decedent after the date of the Will.

6.    Decedent was divorced in 1972 from Billie Janet Kizzia.  Decedent married Leta Faye Kizzia who died on March 22, 2001.  Decedent was not divorced after the date of the Will.

7.    That all allegations contained in the Application are true.

Cause Number 2001-CPC-155B
639531.1/SP0/49541/0101/07262001

8.     The Independent Executor named in the Will is not disqualified by law from accepting Letters Testamentary or from serving as such and are entitled to such Letters.

SIGNED this _8th_ day of _August_, 2001.

_D. Bradley Kizzi_

D. BRADLEY KIZZIA

SUBSCRIBED AND SWORN TO BEFORE ME by D. BRADLEY KIZZIA this _8th_ day of _August_, 2001.



_Lucila Candenos_

~~Of the County Court at Law of Cameron County, Texas~~
Deputy Clerk

Cause Number 2001-CPC-155B

NO. 2001-CPC-155B

**FILED FOR RECORD**
AT _____ O'CLOCK _____ M

AUG 08 2000

JOE G. RIVERA
COUNTY CLERK
By _____ Deputy

| | | |
|---|---|---|
| **ESTATE OF** | § | IN THE COUNTY COURT |
| | § | |
| **HAROLD LEE KIZZIA** | § | AT LAW IN AND FOR |
| | § | |
| **DECEASED** | § | CAMERON COUNTY, TEXAS |

## OATH

    I do solemnly swear that the writing which has been offered for probate is the Last Will and Testament of HAROLD LEE KIZZIA, so far as I know or believe, and that I will well and truly perform all the duties of Independent Executor of the Estate of HAROLD LEE KIZZIA, Deceased.

D. BRADLEY KIZZIA

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

    SUBSCRIBED AND SWORN TO BEFORE ME by D. BRADLEY KIZZIA this _8_ day of _August_, 2001.



Alma De La Garza

CERTIFICATION OF VITAL RECORD

## CITY OF HARLINGEN
## BUREAU OF VITAL STATISTICS

**FILED FOR RECORD**

AT _____ O'CLOCK _____ M

**STATE OF TEXAS**   **CERTIFICATE OF DEATH**   STATE FILE NUMBER

| 1. NAME OF DECEASED (a) FIRST HAROLD | (b) MIDDLE LEE | (c) LAST KIZZIA | NO MAIDEN | 2. SEX MALE | 3. DATE OF DEATH MARCH 17, 2001 2000 |

| 4. DATE OF BIRTH JANUARY 16, 1933 | 5. AGE LAST BIRTHDAY 68 | UNDER 1 YEAR MO. DAYS | UNDER 1 DAY HOURS MIN. | 6. BIRTH PLACE (CITY & STATE OR FOREIGN COUNTRY) EDCOUCH , TEXAS | 7. SOCIAL SECURITY NO. -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 |

| 8. RACE CAUCASIAN | 9. WAS THE DECEDENT OF HISPANIC ORIGIN? ☐ YES ☑ NO | 10. SPECIFY MEXICAN, CUBAN, PUERTO RICAN, ETC | 10a. WAS DECEDENT EVER IN U.S. ARMED FORCES? ☐ YES ☑ NO | 11. EDUCATION (ONLY HIGHEST GRADE COMPLETED) ELEM. OR SECONDARY (0-12) COLLEGE (1-4 OR 5+) 14 ____ |

| 12. MARITAL STATUS ☐ MARRIED ☐ NEVER MARRIED ☑ WIDOWED ☐ DIVORCED | 13a. SURVIVING SPOUSE (IF WIFE, GIVE MAIDEN NAME) | 14a. DECEDENT'S USUAL OCCUPATION BUSINESS OWNER | 14b. KIND OF BUSINESS OR INDUSTRY PRODUCE |

| 15a. RESIDENCE STREET ADDRESS 35487 MARSHALL-NUTT RD. | | | 15b. INSIDE CITY LIMITS RIO HONDO |

| 15c. COUNTY CAMERON | 15d. STATE TEXAS | 15e. ZIP CODE 78583 | 15f. INSIDE CITY LIMITS ☐ YES ☑ NO |

| 16. FATHER'S NAME WILLIAM HAROLD KIZZIA | 17. MOTHER'S MAIDEN NAME LOLA MAE RHYNE |

| 18. PLACE OF DEATH (CHECK ONLY ONE) |
| HOSPITAL ☐ INPATIENT ☐ ENOUTPATIENT ☐ DOA | OTHER ☐ NURSING HOME ☐ RESIDENCE ☐ OTHER (SPECIFY) |

| 20. COUNTY OF DEATH CAMERON | 22a. CITY OR TOWN OF DEATH (CITY LIMITS, GIVE PRECINCT NO.) HARLINGEN | 22. NAME OF HOSPITAL OR INSTITUTION (IF NOT IN INSTITUTION, GIVE STREET ADDRESS) VALLEY BAPTIST MEDICAL CENTER |

| 23. INFORMANT - SIGNATURE & RELATIONSHIP    Scott Kizzia    SON | 23a. MAILING ADDRESS OF INFORMANT 412 TANGLEWOOD MISSION, TX. 78572 |

| 24. METHOD OF DISPOSITION ☐ BURIAL ☐ CREMATION ☐ REMOVAL FROM STATE ☐ DONATION ☐ OTHER (SPECIFY) | 25a. PLACE OF DISPOSITION (NAME OF CEMETERY, CREMATORY OR OTHER PLACE) RESTLAWN MEMORIAL PARK | C | 26. NAME & ADDRESS OF FUNERAL HOME KREIDLER-ASHCRAFT FUNERAL DIRECTORS 1002 E. HARRISON HARLINGEN, TEXAS 78550 |
| | 25b. LOCATION-CITY OR TOWN, STATE LA FERIA, TEXAS | Lot 204 4 | |
| | #10920 | 25c. DATE OF DISPOSITION MARCH 28, 2001 | |

| 30 CERTIFIER ☐ CERTIFYING PHYSICIAN ☐ MEDICAL EXAMINER ☐ JUSTICE OF THE PEACE | TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE TIME, DATE, PLACE, AND DUE TO THE CAUSE(S) AND MANNER AS STATED. ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION DEATH OCCURRED AT THE TIME, DATE, PLACE, AND DUE TO THE CAUSE(S) AND MANNER AS STATED. |

| 31. SIGNATURE & TITLE OF CERTIFIER    Todd Shanks M.D. | 32. DATE SIGNED | 33. TIME OF DEATH 9:?? A M |

| 34. PRINTED NAME & ADDRESS OF CERTIFIER    Todd D. Shanks M.D. | | Harlingen, TX 78550 |

| 35. PART I ENTER THE DISEASES, INJURIES OR COMPLICATIONS THAT CAUSED THE DEATH. DO NOT ENTER THE MODE OF DYING SUCH AS CARDIAC OR RESPIRATORY ARREST, SHOCK, OR HEART FAILURE. LIST ONLY ONE CAUSE ON EACH LINE. | Approximate Interval Between Onset and Death |
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → cardiac heart disease | years |
| Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (disease or injury that initiated events resulting in death) LAST → | 4 00 |

| PART 2 OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART 1 (i.e., substance abuse, smoking, etc.) | 36a. AUTOPSY? ☐ YES ☑ NO | 39. AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? ☐ YES ☐ NO |

| 37. DID TOBACCO USE CONTRIBUTE TO DEATH? ☑ YES ☐ PROBABLY ☐ NO ☐ UNKNOWN | 38. DID ALCOHOL USE CONTRIBUTE TO DEATH? ☐ YES ☐ PROBABLY ☐ NO ☐ UNKNOWN | 39. WAS DECEDENT PREGNANT AT TIME OF DEATH ☐ YES ☐ NO ☐ UNK WITHIN LAST 12 MO ☐ YES ☐ NO ☐ UNK |

| 40. MANNER OF DEATH ☑ NATURAL ☐ ACCIDENT ☐ SUICIDE ☐ HOMICIDE ☐ PENDING INVESTIGATION ☐ COULD NOT BE DETERMINED | 41. DATE OF INJURY | 41a. TIME OF INJURY | 41b. INJURY AT WORK ☐ YES ☐ NO | 41c. PLACE OF INJURY – AT HOME, FARM, STREET, FACTORY, OFFICE, ETC (SPECIFY) |
| | 41d. LOCATION (STREET AND NUMBER, CITY OR TOWN, STATE) | | |
| | 41e. DESCRIBE HOW INJURY OCCURRED | | |

| 42. REGISTRAR'S FILE NO. 03-229 | 42a. DATE RECEIVED BY LOCAL REGISTRAR 03-29-01 | 43. SIGNATURE OF LOCAL REGISTRAR    Belia Zavala by Dora Stanton, Dep |

**EXHIBIT**

25194

This is to certify that this is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Sec. 191.051, Health and Safety Code.

ISSUED   MAR 30 2001

*Belia Zavala*
Belia Zavala

VS-112 REV. 1995

NO. 2001-CPC-155B

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE COUNTY COURT** |
| | § | |
| **HAROLD LEE KIZZIA** | § | **AT LAW IN AND FOR** |
| | § | |
| **DECEASED** | § | **CAMERON COUNTY, TEXAS** |

## ORDER ADMITTING WILL TO PROBATE
## AND AUTHORIZING LETTERS TESTAMENTARY

·On this day the Court heard the application for Probate of Will and Issuance of Letters Testamentary filed by D. BRADLEY KIZZIA ("Applicant") in the Estate of HAROLD LEE KIZZIA, Deceased ("Decedent").

The Court heard the evidence and reviewed the Will and the other documents filed herein and finds that the allegations contained in the Application are true; that notice and citation have been given in the manner and for the length of time required by law; that Decedent is dead and that four years have not elapsed since the date of Decedent's death; that this Court has jurisdiction and venue of the Decedent's estate; that Decedent left a Will, dated January 15, 1981 ("the Will"), executed with the formalities and solemnities and under the circumstances required by law to make it a valid Will; that on such date Decedent had attained the age of 18 years and was of sound mind; that the Will aw not revoked by Decedent; that no objection to or contest of the probate of the Will has been filed; that all of the necessary proof required for the probate of the Will has been made; that the Will is entitled to probate; that in the Will, Decedent named D. BRADLEY KIZZIA as Independent Executor to serve without bond, who is duly qualified and not disqualified by law to act as such and to receive Letters Testamentary; that a necessity exists for the administration of this estate; and that no interested person has applied for the appointment of appraisers and none are deemed necessary by the Court.

IT IS ORDERED that the Will is admitted to probate, and the Clerk of this Court is ORDERED to record the Will, together with the Application in the Minutes of this Court.

IT IS ORDERED that no bond or other security is required and that upon the taking and filing of the Oath required by law, Letters Testamentary shall issue to D. BRADLEY KIZZIA who is appointed as Independent Executor of Decedent's Will and Estate, and no other action shall be had in this Court other than the return of an Inventory, Appraisement, and List of Claims as required by Law.

SIGNED THIS ___ day of _____, 2001.

_____
JUDGE PRESIDING

CITATION ON APPLICATION FOR PROBATE OF WRITTEN WILL  - GENERAL (Posted)

CLERK OF THE COURT
JOE G. RIVERA
974 E. HARRISON STREET
BROWNSVILLE TX  78520

ATTORNEY OR PERSON FILING CAUSE
D. BRADLEY KIZZIA
P.P. BOX 50100
DALLAS, TEXAS  75250

THE STATE OF TEXAS

Cause No. 2001-CPC-00155-B

In the County Court at Law No. 2 of Cameron County, Texas.

TO ALL PERSONS INTERESTED IN THE ESTATE OF:

HAROLD LEE KIZZIA                          , Deceased.

D. BRADLEY KIZZIA

Filed on the 14th day of   MAY  , A.D. 2001,          an application
for the probate of last will and testament

of said              HAROLD LEE KIZZIA                    , Deceased,

and for letters testamentary (the said will accompanying said
application)

    Said application will be heard and acted on by said Court at 10 o'clock
A.M. on the first Monday next after the expiration of ten days from date of
posting this citation, the same being the 28th day of   MAY  , 2001, at the
County Courthouse in Brownsville, Texas.

    All persons interested in said estate are hereby cited to appear before
the Honorable Court at said above mentioned time and place by filing a written
answer contesting such application should their desire to do so.

    The officer executing this citation shall post the copy of this citation
at the courthouse door of the county in which this proceeding is pending, or
at the place in or near said courthouse where public notices customarily are
posted for not less than 10 days before the return day thereof, exclusive of
the date of posting and return thereon the time when and the place where he
posted such copy.

    GIVEN UNDER MY HAND AND THE SEAL OF SAID COURT at office in Brownsville,
Texas, on this 17th day of   MAY  , A.D. 2001.

JOE G. RIVERA          , County Clerk
Cameron County, Texas.

By _____ , Deputy
LUCILA CARDENAS

------------------------------------------------------------

S H E R I F F ' S   R E T U R N

Came to hand the 17TH day of  MAY  , 2001, at  4:30 o'clock P .M., and

executed on the  17TH day of  MAY  , 2001, by posting a copy of the within
citation for ten days, exclusive of the day of posting, before the return day
hereof, at the County Courthouse of Cameron County, Texas, or at the place in
or near the said courthouse where public notices customarily are posted.

FEE                                    CONRADO M. CANTÚ
_____ Sheriff,

Posting Citation . . . $ 15.00        CAMERON         County, Texas

By _____ , Deputy
SGT. JOEL ZAMORA

FILED FOR RECORD
AT_____O'CLOCK_____M
MAY 2 9 2001
JOE G. RIVERA
CAMERON COUNTY CLERK
BY_____Deputy





D. BRADLEY KIZZIA
214.651.4592
bradley.kizzia@strasburger.com

May 10, 2001

Mr. Joe G. Rivera
Cameron County Court Clerk
P.O. Box 2178
Brownsville, TX 78522

RE:    *Estate of Harold Lee Kizzia, Deceased*

Dear Mr. Rivera:

Enclosed for filing with the court is the original and two copies of Application for Probate of Will and Issuance of Letters Testamentary in the above-referenced case. Please return a file-stamped copy in the enclosed prepaid envelope. Also enclosed is a check in the amount of $200, which is the applicable filing fee.

Thank you for your attention to this matter.

Yours truly,

D. Bradley Kizzia

DBK:pah
Enclosure

653822.1/SP0/49541/0101/05102001

Strasburger & Price, LLP

901 Main Street, Suite 4300  ·  Dallas, Texas 75202.3794  ·  214.651.4300 tel  ·  214.651.4330 fax  ·  www.strasburger.com
Austin  ·  Dallas  ·  Houston  ·  San Antonio  ·  Mexico City  ·  Paris

NO. <u>01-CPC-155-B</u>



| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| | § | OF LAW FOR |
| HAROLD LEE KIZZIA, | § | |
| DECEASED | § | CAMERON COUNTY, TEXAS |

## APPLICATION FOR PROBATE OF WILL AND
## ISSUANCE OF LETTERS TESTAMENTARY

TO THE HONORABLE JUDGE OF SAID COURT:

D. BRADLEY KIZZIA ("Applicant") furnishes the following information to the Court for the probate of the Will of HAROLD LEE KIZZIA, also known as HAROLD KIZZIA ("Decedent"), and for the issuance of Letters Testamentary to D. BRADLEY KIZZIA:

1.    D. BRADLEY KIZZIA is an individual interested in this Estate, domiciled at 901 Main Street, Suite 4300, Dallas, Texas 75202.

2.    Decedent died on March 27, 2001, in Harlingen, Cameron County, Texas, at the age of 68 years.

3.    This Court has jurisdiction and venue because Decedent was domiciled and had a fixed place of residence in this county on the date of death.

4.    Decedent owned real and personal property described generally as real property, cash, securities, household goods, and personal effects, of a probable value in excess of $10,000.00.

5.    Decedent left a valid Will dated January 15, 1981 (referred to herein as the "Will"), which was never revoked and is filed herewith.

6.    The subscribing witnesses to the Will are Al Bakken, of McAllen, Texas, and Celeste L. Rogers, of McAllen, Texas.

7.    The Will was made self-proved in the manner prescribed by law.

8.    No child or children were born to or adopted by Decedent after the date of the Will.

9.    Decedent married LETA FAYE KIZZIA in 1972 and remained married to her at the time of his death. Decedent did not remarry or divorce after the date of the Will.

# 2001-CPC-0155B

10.    A necessity exists for the administration of this estate.

11.    Decedent's Will named D. BRADLEY KIZZIA to serve without bond or other security as Independent Executor and D. BRADLEY KIZZIA would not be disqualified by law from serving as such or from accepting Letters Testamentary, and D. BRADLEY KIZZIA would be entitled to such Letters.

12.    Neither the State of Texas, nor any governmental agency of the State of Texas, nor any charitable organization is named in the Will as a devisee.

Applicant prays that citation be issued as required by law to all persons interested in this Estate; that the Will be admitted to probate; that Letters Testamentary be issued to D. BRADLEY KIZZIA; and that all other orders be entered as the Court may deem proper.

Respectfully submitted,

D. BRADLEY KIZZIA

By: _____
D. BRADLEY KIZZIA
State Bar No. 11547550
STRASBURGER & PRICE, L.L.P.
4300 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
214-651-4300
214-651-4330 (Facsimile)

ATTORNEY FOR APPLICANT

87801

# PROBATE DOCKET

CASE NO.

| | 2001 | DATE OF ORDERS B | |
|---|---|---|---|
| | MONTH | DAY | YEAR |
| | 05 | 14 | 01 |

JURY FEE $

PAID BY

**NAME OF PARTIES**

ESTATE OF:

HAROLD LEE KIZZIA

Deceased

**ATTORNEYS**

(00087801) D. BRADLEY KIZZIA

**KIND OF ACTION**

(15)

PROBATE OF WILL

**PAPERS FILED - (CLERK'S FILE DOCKET)**

**COURT'S DOCKETS**

| DATE OF ORDERS | |
|---|---|
| 8/6/01 | Signed and entered order setting hearing on 8/15/01 @ 9:00 A.M. |
| | On application to for probate of will and issuance of letters testamentary (MU) that is drafted by first am a copy to the by law made to party by denumerator (MU) |
| | PROBATE OF WILL / LETTERS TESTAMENTARY |
| | EVIDENCE PRESENTED: WILL ADMITTED TO PROBATE. |
| | APPLICANT D. Bradley Kizzia |
| C E-08-01 | APPOINTED INDEPENDENT EXECUTOR (EXECUTRIX) TO SERVE WITHOUT BOND; LETTERS TESTAMENTARY SHALL ISSUE UPON THE TAKING OF THE OATH AS REQUIRED BY LAW. |
| | order signed (SBH) |
| 8/11/01 | Order signed/entered it (SBH) |