IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ESTATE OF HAROLD LEE KIZZIA, § <br> DECEASED and ESTATE OF LETA FAY § <br> KIZZIA, DECEASED, § <br>         Plaintiffs, § <br> § <br> VS. § <br> § <br> NATIONAL RIFLE ASSOCIATION OF § <br> AMERICA, CIGNA GROUP INSURANCE, § <br> And NORTH AMERICAN LIFE AND § <br> CASUALTY INSURANCE COMPANY, § <br>         Defendants. § | CIVIL ACTION NO. B-03-169 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER
RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

The parties submit their discovery/case management plan under Rule 26.

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **The Rule 26(f) meeting was held by telephone conference on Thursday, December 18, 2003. Mr. Bradley Kizzia attended on behalf of the Plaintiff, the Estate of Harold Lee Kizzia, Deceased and the Estate of Leta Fay Kizzia, Deceased. Ms. Alicia Matsushima attended on behalf of Defendants, National Rifle Association of America (NRA) and Life Insurance Company of North America (incorrectly named as "Cigna Group Insurance," a nonentity)(LINA).**

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    **None.**

3.  Briefly describe what this case is about.

    **Plaintiff's lawsuit is a claim for benefits under a medical insurance policy. Plaintiff seeks damages resulting from the denial of their claim for payment of medical expenses related to the treatment of Harold and Leta Faye Kizzia, deceased.**

4.  Specify the allegation of federal jurisdiction.

    **Diversity.**

5. Name the parties who disagree and the reasons.

   **Not applicable.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None.**

7. List anticipated interventions.

   **None.**

8. Describe class-action issues.

   **Plaintiffs is considering the potential for class-action certification.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Defendant has made its initial disclosures. Plaintiff will do so by January 3, 2004.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    **If class action certification occurs, parties agree to extend and/or amend discovery deadlines.**

    B. When and to whom the plaintiff anticipates she may send interrogatories.

    **Plaintiff anticipates that it may send interrogatories by Feburary 17, 2004 to each defendant.**

    C. When and to whom the defendant anticipates it may send interrogatories.

    **Defendants anticipate that they may send interrogatories to the Plaintiffs by February 17, 2004.**

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

    **Plaintiff anticipates taking oral depositions of designated representatives of the Defendants, and will do so April 30, 2004.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

**Defendants do not anticipate any depositions at this time. However, if depositions of the representative(s) of Plaintiff is necessary, Defendants will take depositions by April 30, 2004.**

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) by June 2, 2004. Defendants will be able to designate responsive experts and provide their reports by July 2, 2004.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking depositions of Defendants' experts as designated and will do so by September 8, 2004**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants anticipate taking depositions of Plaintiff's experts as designated by October 8, 2004.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **Parties agree on the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

13. State the date the planned discovery can reasonably be completed.

    **The parties have agreed that discovery can reasonably be completed by October 31, 2004. The parties agree that any of these discovery deadlines may be amended by agreement.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

       **Mediation may be utilized.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties are considering mediation and have initiated settlement discussions.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **Mediation is a proper ADR tool in this matter.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The parties do not agree to the trial of this case before a magistrate.**

18. State whether a jury demand has been made and if it was made on time.

    **Plaintiff has made a timely jury demand.**

19. Specify the number of hours it will take to present the evidence in this case.

    **10 hours per side.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

21. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

    **None at this time.**

23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    **Plaintiff filed its Disclosure of Interested Persons on October 1, 2003. Defendants filed their Disclosure of Interested Persons on October 9, 2003.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**STRASBURGER & PRICE, LLP**

_____ by AMM

D. Bradley Kizzia
State Bar No. 11547550
901 Main Street, Suite 4300
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 Fax

**EXECUTOR AND ATTORNEY FOR PLAINTIFFS**

SHANNON, MARTIN, FINKELSTEIN & SAYRE
A Professional Corporation

_____

Candice E. Sayre
Southern District No. 2150
Texas Bar No.: 17697800
Alicia M. Matsushima
Southern District No. 28590
Texas Bar No. 24002546
2400 Two Houston Center
909 Fannin Street
Houston, Texas 77010
713-646-5504
713-752-0337 (Fax)

**ATTORNEYS FOR DEFENDANTS**