IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ESTATE OF HAROLD LEE KIZZIA, DECEASED and ESTATE OF LETA FAYE KIZZIA, DECEASED <br><br> V. <br><br> NATIONAL RIFLE ASSOCIATION OF AMERICA, CIGNA GROUP INSURANCE, NORTH AMERICAN LIFE AND CASUALTY INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA AND AGIA, INC. | § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. B-03-169 |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME the Estate of Harold Lee Kizzia, Deceased, and the Estate of Leta Faye Kizzia, Deceased, by and through the Independent Executor for both estates, and complaining of Defendants National Rifle Association of America, CIGNA Group Insurance, North American Life and Casualty Insurance Company, Life Insurance Company of North America, and AGIA, Inc., and for same would show unto the Court as follows:

I.

### JURISDICTION

Defendants have removed this case to this federal court on the grounds of diversity jurisdiction. 28 U.S.C. § 1332. While Plaintiffs are citizens of the State of

Texas, Defendants claim to be citizens of states other than the State of Texas. Also, the amount in controversy exceeds $75,000.

## II.

## VENUE

Plaintiff Estates were administered in Cameron County, Texas. Also, Harold Lee Kizzia and Leta Faye Kizzia were residents of Cameron County, Texas at the time that they were sold the insurance in question; the medical expenses in question were incurred in Cameron County, Texas; and they died in Cameron County, Texas. Accordingly, venue is proper in Cameron County, Texas.

## III.

## DEFENDANTS

The National Rifle Association of America has made its appearance herein.

Defendant CIGNA Group Insurance has made its appearance herein through the Life Insurance Company of North America, which claims to be the correct name for CIGNA Group Insurance, which is claimed by said Defendant to be a non-entity.

Defendant North American Life and Casualty Company also has made its appearance through Life Insurance Company of North America, which claims that it was "merged out of existence in 1989."

Defendant AGIA, Inc., is a foreign corporation doing business in Texas, in that it allegedly processed and administrated the claims under the insurance coverage in question. It is anticipated that counsel for the Defendants will accept service of process for said Defendant. If not, it can be served with process by certified mail at Post Office Box 47178, Phoenix, Arizona 85068.

IV.

## BREACH OF CONTRACT

Plaintiffs would show that Defendants sold and provided medical insurance coverage to Plaintiffs for which premiums were paid to Defendants. However, substantial medical expenses were incurred for medical treatment provided to Harold Lee Kizzia and Leta Faye Kizzia prior to their deaths. Claims for payment of such medical expenses were submitted to Defendants, but full payment for same was not and has not been made. Attached collectively hereto as Exhibit A are three letters, dated April 30, 2002 and August 14, 2002, regarding submission of the medical charges for payment. To date, Defendants have failed and refused to pay such medical expenses in breach of their contractual obligations. Accordingly, Plaintiffs seek to recover the full amount of medical expenses that were not paid, plus attorneys' fees according to Chapter 38 of the Texas Civil Practice and Remedies Code.

V.

## ARTICLE 21.55 PENALTIES

Plaintiffs are also entitled to an eighteen percent penalty per annum, plus attorneys' fees under Article 21.55 of the Texas Insurance Code.

VI.

## EXTRA-CONTRACTUAL CLAIMS

Plaintiffs further submit that Defendants' conduct breached their common law duties of good faith and fair dealing and violated Article 21.21 § 16 of the Texas Insurance Code. Such violations were knowing, for which Plaintiffs seek up to treble

damages. Plaintiffs further seek attorneys' fees pursuant to Article 21.21 § 16 of the Texas Insurance Code.

In addition to the wrongful denial of Plaintiffs' claim for benefits when liability was reasonably clear and that Defendants knew or should have known the same, Defendants misrepresented that the coverage in question provided for $500,000 in medical benefits. Such misrepresentation in the marketing and solicitation of the coverage in question was false, illusory, a sham and perpetrated a fraud against the Deceaseds and customers like the Deceaseds. In addition to or in the alternative to the statutory treble damages provided in Texas Insurance Code Article 21.21 Section 16, Plaintiffs plead that they are entitled to exemplary damages.

## VII.

Plaintiffs further seek any prejudgment interest to which they are entitled under law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that summons issue and be served upon Defendants and that Plaintiffs have judgment over and against Defendants jointly and severally for their damages, attorneys' fees, prejudgment interest, and such other and further relief to which they may be entitled.

Respectfully submitted,

_D. Bradley Kizzia_
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**STRASBURGER & PRICE, L.L.P.**
901 Main Street, Suite 4300
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 FAX

**EXECUTOR AND
ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this the 23rd day of January, 2004.

_D. Bradley Kizzia_
**D. BRADLEY KIZZIA**

# EXHIBIT A

741844.1/SP0/49540/0100/012304


**Strasburger**
ATTORNEYS AT LAW

April 30, 2002

D BRADLEY KIZZIA
214.651.4592
bradley.kizzia@strasburger.com

National Rifle Association
Endorsed Insurance Programs
Box 47178
Phoenix, Arizona 85068

ATTENTION: Jan Evans, Benefits Analysis

Re: Member: Harold Kizzia
    Patient: Harold L. Kizzia
    I.D No. KIZH12233A

Dear Ms. Evans:

As you know, medical bill claims were previously submitted for payment, but were declined on the claimed bases of insufficient documentation. I have enclosed complete medical bills and medical records reflecting treatment for Harold L. Kizzia by Texas Oncology and at Valley Baptist Medical Center. As you can see, the charges from Texas Oncology total $30,718.00. The charges from Valley Baptist Medical Center are $5,960.85 and $36,404.60, for a total from Valley Baptist Medical Center of $42,365.45. These voluminous medical bills and medical records document charges totaling $73,083.45. Please remit insurance benefits to the undersigned as Executor of the Estate of Harold L. Kizzia within the next 30 days.

If you have any questions, please call me. Thank you for your attention to this.

Yours truly,

D. Bradley Kizzia

DBK/akf
Enclosures

687289 1/SP0/49540/0100/04302002



April 30, 2002

D BRADLEY KIZZIA
214.651.4592
bradley.kizzia@strasburger.com

National Rifle Association
Endorsed Insurance Programs
Box 47178
Phoenix, Arizona 85068

Re: Member: Harold Kizzia
    Patient: Leta Faye Kizzia
    I.D No. KIZH12233A

Gentlemen:

As you know, medical bill claims were previously submitted for payment, but were declined on the claimed bases of insufficient documentation. I have enclosed complete medical bills and medical records reflecting treatment for Leta Faye Kizzia by Texas Oncology and at Valley Baptist Medical Center. As you can see, the charges from Texas Oncology total $74,134.00. The charges from Valley Baptist Medical Center are $195.10, $2,866.80, and $26,835.90, for a total from Valley Baptist Medical Center of $29,897.80. These voluminous medical bills and medical records document charges totaling $104,031.80. Please remit insurance benefits to the undersigned as Executor of the Estate of Leta Faye Kizzia within the next 30 days.

If you have any questions, please call me. Thank you for your attention to this.

Yours truly,

D. Bradley Kizzia

DBK/akf
Enclosures

687284 1/SP0/49541/0101/04302002


## Strasburger
ATTORNEYS AT LAW

August 14, 2002

D. BRADLEY KIZZIA
214.651.4592
bradley.kizzia@strasburger.com

National Rifle Association
Endorsed Insurance Programs
Box 47178
Phoenix, AZ 85068

RE:   Member:           Harold Kizzia
      Patient:          Leta Faye Kizzia
      Patient:          Harold L. Kizzia
      Participant I.D.: KIZH12233A

Dear Sirs:

This will acknowledge receipt on August 12, 2002, a copy of your list of benefits paid for the above-referenced patients. According to my calculations from your documents, your policy/program paid the following: $1,660 out of the $30,718 in medical expenses incurred by Harold Kizzia at Texas/Valley Oncology; $4,700 out of the $42,365.45 incurred by Harold Kizzia at Valley Baptist Hospital; $2,136 out of the $74,134 incurred by Leta Faye Kizzia at Texas/Valley Oncology; and $4,500 out of the $29,897.80 incurred by Leta Faye Kizzia at Valley Baptist Hospital. If your figures and my calculations are correct, this would mean that your policy/insurance program reimbursed $6,360 of the $73,083.45 in medical charges incurred with these two medical providers by Harold Kizzia and $6,636 of the $104,031.80 in medical charges incurred by Leta Faye Kizzia with these two medical providers.

Please let me know within the next ten days if your figures and/or calculations differ from mine.

Thank you for your attention to this.

Yours truly,

D. Bradley Kizzia

DBK:wtb

696320.1/SP0/49540/0100/08142002

Strasburger & Price, LLP

901 Main Street, Suite 4300 • Dallas, Texas 75202.3794 • 214.651.4300 tel • 214.651.4330 fax • www.strasburger.com
Austin • Dallas • Houston • San Antonio • Washington D.C. • Mexico City